**Fill in this information to identify the case:**

Debtor Name: Souleymane Diallo

United States Bankruptcy Court for the: District of    District of Columbia
(State)

Case number: 16-00446

☒ Check if this is an amended filing

Official Form 425A

# Plan of Reorganization for Small Business Under Chapter 11    12/17

Gci `Yrna UbY`8]U`c's Plan of Reorganization, Dated >i bY`&$ž&$%

## Article 1: Summary

This Plan of Reorganization (the *Plan*) under chapter 11 of the Bankruptcy Code (the *Code*) proposes to pay creditors of Souleymane Diallo (the *Debtor*) from: Debtor works as an Uber driver and has a sewing business to pay his monthly expenses. In addition, Debtor receives rental income. Further, if this Plan were to be accepted, Debtor will work the additional hours as an Uber driver as necessary.

This Plan provides for:
- 0 classes of priority claims;
- 3 classes of secured claims;
- 0 classes of non-priority unsecured clams; and
- 0 classes of equity security holders.

Non-priority unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately N/A cents on the dollar. This Plan also provides for the payment of administrative and priority claims.

All creditors and equity security holders should refer to Articles 3 through 6 of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

## Article 2: Classification of Claims and Interests

2.01 **Class 1** ............................... All allowed claims entitled to priority under § 507(a) of the Code (except administrative expense claims under § 507(a)(2), ["gap" period claims in an involuntary case under § 507(a)(3),] and priority tax claims under § 507(a)(8)).

2.02 **Class 2** ............................... The secured claims will be paid as described below and to the extent allowed as a secured claim under § 506 of the Code.

2.03 **Class 3** ............................... All non-priority unsecured claims allowed under § 502 of the Code.

Debtor Name  Souleymane Diallo                                Case number  16-00446

| | | |
|---|---|---|
| 2.04 | **Class 4** | Equity interests of the Debtor. |

### Article 3: Treatment of Administrative Expense Claims, Priority Tax Claims, and Quarterly and Court Fees

| | | |
|---|---|---|
| 3.01 | **Unclassified claims** | Under section § 1123(a)(1), administrative expense claims, [" gap" period claims in an involuntary case allowed under § 502(f) of the Code,] and priority tax claims are not in classes. |
| 3.02 | **Administrative expense claims** | Each holder of an administrative expense claim allowed under § 503 of the Code, [and a "gap" claim in an involuntary case allowed under § 502(f) of the Code,] will be paid in full on the effective date of this Plan, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor. |
| 3.03 | **Priority tax claims** | Each holder of a priority tax claim will be paid monthly for 5 years, at which time Debtor will make a balloon payment to pay off the remaining balance. |
| 3.04 | **Statutory fees** | All fees required to be paid under 28 U.S.C. § 1930 that are owed on or before the effective date of this Plan have been paid or will be paid on the effective date. |
| 3.05 | **Prospective quarterly fees** | All quarterly fees required to be paid under 28 U.S.C. § 1930(a)(6) or (a)(7) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. |

### Article 4: Treatment of Claims and Interests Under the Plan

4.01 **Claims and interests shall be treated as follows under this Plan:**

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 - **Priority claims** excluding those in Article 3 | ☐ Impaired<br>☐ Unimpaired | N/A. |
| Class 1 – **Secured claim** of Deutsche Bank National Trust Co. c/o Carrington Mortgage Services, LLC | ☒ Impaired<br>☐ Unimpaired | Monthly payment of $3,289.83 over 30 years with a balloon payment of $100,000. Interest rate of 6.99%. Total amount due $494,986.00. |
| Class 2 – **Secured claim** of Ditech Financial LLC | ☒ Impaired<br>☐ Unimpaired | Monthly payment of $1,749.00 plus $300 towards arrearage, over 5 years with a balloon payment of $122,971.22. Interest of 4.750000%. Total amount due $140,971.22. |
| Class 3 – **Secured claim** of Nationstar Mortgage, LLC | ☒ Impaired<br>☐ Unimpaired | Monthly payment of $3,635.88 plus $500 towards arrearage, over 5 years with a balloon payment of $306,243.20. Interest of 7.550%. Total amount due $761,891.25. |
| Class 3 – **Non-priority unsecured creditors** | ☐ Impaired<br>☐ Unimpaired | N/A. |
| Class 4 - **Equity security holders of the Debtor** | ☐ Impaired<br>☐ Unimpaired | N/A. |

### Article 5: Allowance and Disallowance of Claims

| | | |
|---|---|---|
| 5.01 | **Disputed claim** | A *disputed claim* is a claim that has not been allowed or disallowed [by a final non-appealable order], and as to which either: |
| | | (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or |
| | | (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated. |
| 5.02 | **Delay of distribution on a disputed claim** | No distribution will be made on account of a disputed claim unless such claim is allowed [by a final non-appealable order]. |

| Debtor Name | Souleymane Diallo | Case number | 16-00446 |
|---|---|---|---|

| 5.03 | **Settlement of disputed claims** | The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure. |
|---|---|---|

### Article 6: Provisions for Executory Contracts and Unexpired Leases

| 6.01 | **Assumed executory contracts and unexpired leases** | (a) The Debtor assumes, and if applicable assigns, the following executory contracts and unexpired leases as of the effective date:<br><br>N/A. |
|---|---|---|
|  |  | (b) Except for executory contracts and unexpired leases that have been assumed, and if applicable assigned, before the effective date or under section 6.01(a) of this Plan, or that are the subject of a pending motion to assume, and if applicable assign, the Debtor will be conclusively deemed to have rejected all executory contracts and unexpired leases as of the effective date.<br><br>A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than [ N/A ] days after the date of the order confirming this Plan. |

### Article 7: Means for Implementation of the Plan

Debtor works as an Uber driver (income of approximately $6,000 per month) and has a sewing business (income of approximately $1,000 per month) to pay his monthly expenses. In addition, Debtor receives rental income (approximately $9,000 per month). Further, if this Plan were to be accepted, Debtor will work the additional hours as an Uber driver as necessary.

### Article 8: General Provisions

| 8.01 | **Definitions and rules of construction** | The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions:<br><br>N/A. |
|---|---|---|
| 8.02 | **Effective date** | The effective date of this Plan is the first business day following the date that is 14 days after the entry of the confirmation order. If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay expires or is otherwise terminated. |
| 8.03 | **Severability** | If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan. |
| 8.04 | **Binding effect** | The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity. |
| 8.05 | **Captions** | The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan. |

Debtor Name  Souleymane Diallo                                   Case number 16-00446

| | | |
|---|---|---|
| [8.06] | **Controlling effect** | Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Washington, DC govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.] |
| [8.07] | **Corporate governance** | N/A. |
| [8.08] | **Retention of Jurisdiction** | Language addressing the extent and the scope of the bankruptcy court's jurisdiction after the effective date of the plan.] |

### Article 9: Discharge

Check one box.

9.01 ☒ **Discharge if the Debtor is an individual and § 1141(d)(3) is not applicable.**
Confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments under this Plan, or as otherwise provided in § 1141(d)(5) of the Code. The Debtor will not be discharged from any debt excepted from discharge under § 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

☐ **Discharge if the Debtor is a partnership and § 1141(d)(3) is not applicable.** On the effective date of this Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code. The Debtor will not be discharged from any debt imposed by this Plan.

☐ **Discharge if the Debtor is a corporation and § 1141(d)(3) is not applicable.** On the effective date of this Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt:

   (i) imposed by this Plan; or
   (ii) to the extent provided in § 1141(d)(6).

☐ **No discharge if § 1141(d)(3) is applicable.** In accordance with § 1141(d)(3) of the Code, the Debtor will not receive any discharge of debt in this bankruptcy case.

Debtor Name  Souleymane Diallo    Case number 16-00446

### Article 10: Other Provisions

N/A.

Respectfully submitted,

✘ /s/ Souleymane Diallo    Souleymane Diallo
[Signature of the Plan Proponent]    [Printed Name]

✘ /s/ Charles E. Walton    Charles E. Walton 474873
[Signature of the Attorney for the Plan Proponent]    [Printed Name]